UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**West Palm Beach Division**
www.flsb.uscourts.gov

In re:                                                                                              Chapter 11

TLO, LLC,                                                                                   Case No. 13-20853-PGH

     Debtor.
_____/

TRACERS INFORMATION
SPECIALISTS, INC.,

     Plaintiff,                                                                              Case No. 13-01794-PGH

v.

TLO, LLC,

     Defendant.
_____/

**DEFENDANT'S MOTION TO STRIKE COMPLAINT OR TO DISMISS
FOR PLAINTIFF'S FAILURE TO PROVIDE DOCUMENTS PRIOR TO TRIAL**

     Defendant, TLO, LLC ("Defendant" or "TLO") by and through undersigned counsel files this *Motion to Strike Complaint or to Dismiss for Plaintiff's Failure to Provide Documents Prior to Trial* and states as follows:

**I.**      **Relevant Background**

     **a.**      **State Court Action**

     1.      On or about April 2, 2013, Plaintiff, Tracers Information Specialists, Inc. ("Plaintiff") initiated an action against Defendant in the Circuit Court in and for the Fifth Judicial Circuit in and for Hernando County, Florida (the "State Court") styled *Tracers Information Specialists, Inc. v. TLO, LLC*, Case No. 2013-CA-832 (the "State Court Action") by filing a *Verified Complaint* on or about April 2, 2013,

1

2.  Count I of *Verified Complaint* filed in the State Court Action is for injunctive relief requesting that Defendant cease using the data that allegedly belonged to Plaintiff and to remove said data and to have an independent third party verify that all data has been removed from Defendant's computer systems. Count II of the *Verified Complaint* seeks damages for unjust enrichment as a result Defendant having allegedly used the data allegedly belonging to Plaintiff without paying for same. A copy of the *Verified Complaint* is attached hereto as Exhibit "A".

3.  Defendant is the Debtor in the main bankruptcy case which was initiated by the Debtor's filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 9, 2013 (the "Petition Date").

4.  Subsequent to the Petition Date, Plaintiff did not seek even limited relief from the automatic stay to have the State Court adjudicate any of the issues raised in the *Verified Complaint*.

   **b.    Sale Hearing**

5.  On October 15, 2013, the Debtor filed its Bidding Procedures Motion[1] in the main bankruptcy case. This Court held a hearing on the Bidding Procedures Motion on October 22, 2013, and entered its Order Approving the Bidding Procedures Motion (as amended and modified, the "Bidding Procedures Order") [Main Case ECF No. 351] on October 24, 2013.

6.  Pursuant to the Bidding Procedures Order, the proposed Sale pursuant to the Stalking Horse APA is subject to higher and better offers. An auction (the "Auction") may be held on November 20, 2013, if competing and Qualified Bids (as defined in the Bidding Procedures Order) are submitted in accordance with the Bidding Procedures Order. This Court has scheduled a

---

[1]    The *Debtor's Motion For Entry Of Order: (i) Approving Procedures In Connection With The Sale Of Substantially All Of The Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances, And Other Interests, (ii) Authorizing The Payment Of Breakup Fee And Expense Reimbursement, (iii) Setting Bid Deadline, Auction And Sale Approval Hearing Dates, (iv) Establishing Notice Procedures And Approving Forms Of Notice, And (v) Approving Procedures Related To Assumption And Assignment Of Executory Contracts And Unexpired Leases* [ECF #291] (the "Bidding Procedures Motion").

hearing to consider the Sale (the "<u>Sale Hearing</u>") for November 22, 2013, at 9:30 a.m.

7. On October 31, 2013, the Debtor filed the Debtor's Plan of Liquidation [Main Case ECF No. 377] (the "<u>Plan</u>") and the Debtor's Disclosure Statement [Main Case ECF No. 378] (the "<u>Disclosure Statement</u>"). The Plan proposes to pay holders of allowed claims and interests from the proceeds derived from the sale of the Debtor's assets, the recoveries from litigation involving or related to the life insurance policy of the Debtor's founder, Hank Asher, and certain other litigation claims as described in the Plan.

      **c.**    **Adversary Proceeding Filed**

8. After doing nothing for months, Plaintiff filed its *Complaint* in this action [ECF No. 1] on October 30, 2013 and at the "eleventh hour" asked this Court to determine that the Data (as that term is defined in the *Complaint*) being sold pursuant to the Stalking Horse APA is the property of Plaintiff – by and large the same relief sought in the State Court Action.

9. The timing of the initiation of this adversary proceeding nearly six (6) months after the Petition Date and filing of the *Verified Complaint* can only be viewed as calculated litigation tactic on the part of Plaintiff for the purpose of attempting to derail and hold up the Sale Hearing and Plan in order to attempt to extract a settlement from the Debtor.

      **d.**    **Discovery Requests and Plaintiff Agrees to November 21, 2013 Trial Date**

10. In order to allow for the Sale Hearing and Plan process to proceed without delay or interruption due to the pendency of this matter, Defendant agreed to Plaintiff's detailed initial request made on Halloween for this case to be set for trial prior to November 22, 2013 as set forth in an email from Plaintiff's counsel, a copy of which is attached hereto as <u>Exhibit "B"</u>. Specifically, counsel for Plaintiff represents that "[i]n anticipation of the debtor wanting to proceed with the sale of substantially all of its assets on 11/22, we're seeking to fast track the adjudication of Tracers'

ownership interest in certain data that we believe the debtor has in its possession and its systems," and suggested that the trial date be set for either November 19, 20 or 21, 2013. Plaintiff also asked to depose twelve TLO witnesses, and take super-expedited discovery.

11. Defendant agreed to proceed as Plaintiff requested, and had to immediately gear up and marshal the legal forces necessary to undertake this herculean task, including four attorneys and four legal assistants, and start consuming a very large amount of the Debtor's time to prepare for discovery and trial.

12. Accordingly, on November 4, 2013, Defendant served Plaintiff with its First Request for Production consisting of 18 requests and its First Set of Interrogatories, consisting of 6 interrogatories (collectively, the "Discovery Requests"). On November 5, 2013, Defendant filed an *Ex-Parte Motion to Shorten Time for Plaintiff to Respond to the Discovery Requests (the "Motion to Shorten Time")* [ECF No. 6], requesting *inter alia*, that Plaintiff produce documents on or before 10:00 a.m. on November 8, 2013 so as to permit depositions to begin on November 11, 2013.

13. Pursuant to the parties' agreement, the Court set the trial in this matter for November 21, 2013 (the "*Order Setting Trial*") at the hearings in the main case on November 5, 2013.

e. **Plaintiff Files Motions to Delay Trial, Sales Hearing and Discovery a Few Hours After Agreeing to November 21 Trial Date**

14. However, a few hours after the Court's ruling that trial shall be conducted on November 21, 2013, Plaintiff showed its true intentions in this matter, in its response to Defendants' *Motion to Shorten Time* [ECF No. 9]. Plaintiff claimed that it is impossible to assemble responsive documents prior to November 8, 2013 at 10:00 a.m., because Defendant is allegedly asking for "over five million records."

15. Defendant's counsel James Carroll called Plaintiff's counsel Matthew Foreman on November 6, 2013, to ask how the Defendant's requests could add up to five million records.

Though Mr. Foreman is responding to Defendant's discovery, he said he *did not know*. What he did know, he said, was that **_Plaintiff cannot produce documents for at least two more weeks; i.e., Plaintiff cannot product documents until November 20, 2013 - the day before trial_**.

16. Mr. Carroll asked Mr. Foreman how voluminous the requested emails were and when the emails could be produced. He did not know. Carroll asked the same questions regarding Tracers' documents showing it allegedly owns the data in question, its financial statements, and its tax returns. Foreman said he did not now. He said he would have to check with his client. Foreman called later to see if Carroll wanted to speak with a Tracers tech person. Why, we do not know.

## II.   Argument

17. The issues raised in the *Complaint* in this case are nearly identical to those raised in the *Verified Complaint* filed in the State Court more than six months ago.

18. Plaintiff has waited until the last minute to initiate this action in the hope of jeopardizing the Sale Hearing and confirmation of the Plan and extracting from the Debtor a large monetary settlement or more preferable plan treatment. The filing of the *Emergency Motion to Compel Mediation or Judicial Settlement Conference* [ECF No. 12] is nothing more than a transparent attempt to disguise Plaintiff's improper motive[4] of attempting to derail the Sale Hearing and extract a settlement.

19. Defendant's efforts to have this case ready for the November 21 trial date are being severely hampered by Plaintiff first agreeing to the November 21 trial date as set forth in the attached email and then to effectively renege on its agreement.

20. All of the willful and calculated actions on the part of Plaintiff have severely

---

[4]   Defendant does not attribute Plaintiff's actions or motives to Mr. Landau or his law firm.

prejudiced Defendant, who is diligently attempting to prepare for the November 21 trial date and wishes to begin taking depositions next week, but will be effectively unable to do so without Plaintiff producing any of the requesting documents, similar to the defendant in the following case:

> [I]t appears that Defendants have been seriously and materially prejudiced by Plaintiff's failure to produce the required discovery. It is impossible to know how helpful the documents would have been to Defendants because Plaintiffs have not permitted them to inspect the responsive documents. Defendants have not been able to review those documents or use them in depositions that were or could have been taken in the case. Defendants could also not have examined them with an expert who could be retained to support Defendants' theory of the case through those documents, and are not available to Defendants to support a motion for summary judgment. These facts all show that there is more than enough evidence of prejudice in the case to justify a severe sanction.

*Vilsant v. Saxon Mortg. Services, Inc.*, 08-61148-CIV, 2009 WL 413724 at *4 (S.D. Fla. February 18, 2009) (granting motion to strike complaint and dismiss case with prejudice).

21. Rule 41 of the Federal Rules of Civil Procedure as made applicable to this matter by Rule 7041 of the Federal Rules of Bankruptcy Procedure provides "if a plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b).

22. Opposing counsel's representations to Defendant in the November 6, 2013 telephone call that Plaintiff cannot produce documents prior to November 20, 2013 and the statements made in Plaintiff's response to the *Motion to Shorten Time* indicating that it is going to request the November 21 trial date be pushed back provided that the Sales Hearing is continued, indicate that it has no intention of complying with the *Order Setting Trial* – an order that was announced by the Court only a few hours before Plaintiff filed its response to the *Motion to Shorten Time* and its *Emergency Motion to Continue the Sales Hearing* requesting that trial be set for some time after December 20, 2013.

23. Accordingly, because no lesser sanction would be effective since it would not

prevent the severe prejudice that will be suffered by the Defendant/Debtor and its bankruptcy estate and creditors if the Sales Hearing is delayed and/or if Defendant/Debtor is forced to go to trial without receiving documents from Plaintiff, the *Complaint* should be stricken and this case should be dismissed with prejudice.

**WHEREFORE**, Defendant respectfully requests the entry of an order: (i) striking the *Complaint* [ECF No. 1] filed by Plaintiff in this action; (ii) dismissing this case with prejudice; and (iii) providing for such further relief deemed appropriate under the circumstances.

Dated: November 6, 2013.

>
> **CONRAD & SCHERER, LLP**
> *Co-Counsel for TLO, LLC*
> 633 South Federal Highway, 8th Floor
> Fort Lauderdale, FL 33301
> Telephone: (954) 847-3346
> Facsimile: (954) 463-9244
>
> By: /s/ Mark S. Roher
>     MARK S. ROHER
>     Florida Bar No. 178098
>     mroher@conradsherer.com

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 6, 2013, a true and correct copy of the foregoing *Notice of Appearance* was served by scanned email upon **Phillip J. Landau, Esq.** [plandau@sfl-pa.com], **Bernice C. Lee, Esq.** [blee@sfl-pa.com]; **Matthew Foreman, Esq.** [matthew@hoganlawfirm.com]; **Robert C. Furr, Esq.** [rfurr@furrcohen.com] and **Alvin S. Goldstein, Esq.** [agoldstein@furrcohen.com].

/s/ Mark S. Roher
Mark S. Roher