UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 13-20853-PGH |
| TLO, LLC, | Chapter 11 |
| Debtor. _____/ | |
| TRACERS INFORMATION SPECIALISTS, INC., | |
| Plaintiff, | Adv. Pro.: 13-01794-PGH |
| v. | |
| TLO, LLC, | |
| Defendant, _____/ | |

**TRACERS INFORMATION SPECIALISTS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE COMPLAINT OR TO DISMISS FOR PLAINTIFF'S FAILURE TO PROVIDE DOCUMENTS PRIOR TO TRIAL**

Tracers Information Specialists, Inc. ("Tracers"), by and through its undersigned counsel, hereby files this *Response in Opposition to Defendant's Motion to Strike Complaint or to Dismiss for Plaintiff's Failure to Provide Documents Prior to Trial* (the "Response"), and in support thereof, states the following:

**FACTUAL BACKGROUND**

1. On October 15, 2013, TLO, LLC ("TLO" or the "Debtor"), filed a *Motion for Entry of Order: (i) Approving Procedures in Connection With the Sale of Substantially All of the Debtor's Assets Free And Clear of Liens, Claims, Encumbrances, and Other Interests, (ii) Authorizing the Payment of Breakup Fee And Expense Reimbursement, (iii) Setting Bid Deadline, Auction And Sale Approval Hearing Dates, (iv) Establishing Notice Procedures And*

{1793/000/00208208}

*Approving Forms of Notice, and (v) Approving Procedures Related To Assumption And Assignment Of Executory Contracts And Unexpired Leases* [ECF No. 350] (the "Bid Procedure Motion").

2. Shortly after learning that TLO intended to sell substantially all of its assets, and potentially Tracer's assets, on October 30, 2013 Tracers proactively filed a complaint for *inter alia* a declaratory judgment that: TLO, LLC ("TLO") does not have any valid ownership interest in certain data (the "Data"), the Data does not constitute property of TLO's bankruptcy estate, and that Tracers is the owner of the Data (the "Complaint") thereby initiating the above-referenced adversary proceeding (the "Adversary Proceeding").

3. On November 1, 2013, the Court entered an Order approving the Bid Procedure Motion [ECF No. 390] (the "Bid Procedure Order"), which provided *inter alia* that the Court will conduct a hearing on approval of the sale on November 22, 2013 (the "Sale Hearing Date").

4. On November 1, 2013, TLO filed a *Notice of Filing Stalking Horse APA* [ECF No. 389] and the *Motion for Entry of Order: (I) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests (Other Than Assumed Liabilities), (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [ECF No. 390] (the "Sale Motion").

5. The Sale Motion does indeed purport to sell assets "in the possession, custody or control of the Seller or its representatives, or that the Seller or its representatives otherwise has the right to access" and not only assets that the Debtor owns. *See* Sale Mot. ¶ 18(a)(viii).

6. On November 6, 2013, TLO filed the *Motion to Strike Complaint or to Dismiss for Plaintiff's Failure to Provide Documents Prior to Trial* ("Motion to Strike") [ECF No. 20],

which requests that the Court strike the Complaint in its entirety and dismiss the Adversary Proceeding with prejudice.

7. Additional facts are set forth herein in the interest of brevity.

## LEGAL ARGUMENT

8. "A default judgment or dismissal sanction 'requires a willful or bad faith failure to <u>obey a discovery order</u>.'" *Vilsant v. Saxon Mortgage Servs., Inc.*, 08-61148-CIV, 2009 WL 413724, *2 (S.D. Fla. Feb. 18, 2009) (emphasis added) (citing *Malatutea v. Suzuki Motor Co.*, 987 F.2d 1536, 1543 (11th Cir.1993)). Also, Rule 41(b) of the Federal Rules of Civil Procedure permits involuntary dismissal in instances where "the plaintiff fails to prosecute or to comply with <u>these rules or a court order</u>." Fed. R. Civ. P. 41 (emphasis added).

9. TLO reliance on *Vilsant v. Saxon Mortgage Servs., Inc.* is misplaced. 2009 WL 413724. In *Vilsant*, the court entered an order granted the defendants' motion to compel discovery and in such order provided that failure to comply with the order may result in dismissal of the case with prejudice. *Id*. at 1. Unlike this case, the court concluded that striking the complaint was warranted as a sanction in part because "outstanding discovery here was expressly compelled through <u>several court orders</u>, and Plaintiffs have not provided any explanation whatsoever of why those orders have not been complied with even at this late date." *Id*. at 2, 5 (emphasis added).

10. TLO is not entitled to the relief sought in the Motion to Strike because Tracers has not failed to comply with a single rule or order of this Court.

11. Moreover, there can be no doubt whatsoever that Tracers has been working diligently in responding to TLO's discovery requests. Tracers has been working night and day to produce the massive quantity of records implicated by TLO's document requests. It would defy

all notions of due process and fairness to strike Tracers' complaint where it has not violated a single discovery order of this Court; it defies logic that TLO would even make this request.

**WHEREFORE**, Tracers respectfully requests the entry of an Order denying the Motion and granting Tracers any such further relief as is deemed just and proper.

Respectfully submitted,

**SHRAIBERG, FERRARA & LANDAU, P.A.**
Attorneys for Tracers Information Specialists, Inc.
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047


By:  /s/ Philip J. Landau
  Philip J. Landau, Esq.
  Fla. Bar. No. 0504017
  Bernice C. Lee, Esq.
  Florida Bar No. 0073535


## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 8, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF to all parties registered to receive electronic Notices in this case.

By:  /s/ Philip J. Landau
  Philip J. Landau, Esq.