**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
**www.flsb.uscourts.gov**

In re:                                                      Chapter 11

TLO, LLC,                                                  Case No. 13-20853-PGH

      Debtor.
_____/

TRACERS INFORMATION
SPECIALISTS, INC.,

      Plaintiff,                                      Case No. 13-01794-PGH

v.

TLO, LLC,

      Defendant.
_____/

### DEFENDANT TLO, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

      Defendant, TLO, LLC (hereinafter "TLO") by and through undersigned special counsel, hereby files its Answer and Affirmative Defenses to the Complaint by Tracers Information Specialists, Inc., and states as follows:

### JURISDICTION AND VENUE

      1.     Defendant admits that Plaintiff purports to bring an adversary proceeding in connection with TLO's above-referenced Chapter 11 bankruptcy case. Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 1 of the Complaint and therefore denies same.

      2.     Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 2 of the Complaint and therefore denies the same.

3.      Defendant admits that Plaintiff purports to bring a claim for declaratory relief against it, but denies validity of such claim and denies that Plaintiff sufficiently states any cause of action against the Defendant.  Defendant is without sufficient knowledge to either admit or deny the remaining allegations set forth in paragraph 3 of the Complaint and therefore denies the same.

### BACKGROUND AND GENERAL ALLEGATIONS

4.      Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 4 of the Complaint and therefore denies the same.

5.      Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 5 of the Complaint and therefore denies the same.

6.      Defendant admits the allegations set forth in paragraph 6 of the Complaint.

7.      Defendant admits that the Chapter 11 Case Management Summary [ECF No. 23] was filed on its behalf, which filing is a document in writing that speaks for itself.

8.      Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 8 of the Complaint and therefore denies the same.

9.      Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 9 of the Complaint and therefore denies the same.

10.     Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11.     Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12.     Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 12 of the Complaint and therefore denies the same.

13.     Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14.     Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15.     Defendant admits the allegations set forth in paragraph 15 of the Complaint.

16.     Defendant admits the allegations set forth in paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18.     Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19.     Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21.     Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.     Defendant admits that Paul Fichtman sent an email addressed to Terry Kilburn, Nancy Kilburn, Wink Price, Ken Hunter and Marco Piovesan, dated February 8, 2013, as alleged in paragraph 22 of the Complaint, which email is a document in writing that speaks for itself.

23.     Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24.     Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 24 of the Complaint and therefore denies the same.

25.     Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 25 of the Complaint and therefore denies the same.

26.     Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 26 of the Complaint and therefore denies the same.

27.     Defendant admits that counsel for Tracers sent a letter addressed to Derek Dubner and dated February 13, 2013, as referenced in paragraph 27 of the Complaint, which letter is a document in writing that speaks for itself.

28.     Defendant admits the allegations set forth in paragraph 28 of the Complaint.

29.     Defendant admits that counsel for Tracers sent an email addressed to Derek Dubner and dated February 13, 2013, as referenced in paragraph 29 of the Complaint, which email is a document in writing that speaks for itself.

30.     Defendant admits the allegations set forth in paragraph 30 of the Complaint.

31.     Defendant admits that Tracers sent a letter dated February 22, 2013, as referenced in paragraph 31 of the Complaint, which letter is a document in writing that speaks for itself.

32.     Defendant admits that TLO sent Tracers a letter dated March 4, 2013, as referenced in paragraph 32 of the Complaint, which letter is a document in writing that speaks for itself.

33.     Defendant admits the allegations set forth in paragraph 33 of the Complaint.

34.     Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 34 of the Complaint and therefore denies the same.

35.     Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 35 of the Complaint and therefore denies the same.

36.     Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 36 of the Complaint and therefore denies the same.

37.     Defendant is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 37 of the Complaint and therefore denies the same.

38.     Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39.     Defendant admits the allegations set forth in paragraph 39 of the Complaint.

## COUNT I – REQUEST FOR DECLARATORY JUDGMENT TO DETERMINE AN INTEREST IN PROPERTY

40.     Defendant incorporates its answers to the allegations set forth in paragraphs 1 through 39.

41.     Paragraph 41 does not contain any allegations of ultimate fact directed towards the Defendant and therefore no response is required.  To the extent that a response to the allegations set forth in paragraph 41 is required, Defendant denies the same.

42.     Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43.     Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44.     Defendant denies the allegations set forth in paragraph 44 of the Complaint.

**WHEREFORE**, Defendant TLO, LLC requests that judgment be entered in its favor and against Plaintiff, that Plaintiff be denied all relief it seeks, that the Defendant be awarded its attorney's fees and costs against the Plaintiff, and that the Court grant such further relief as it deems just and proper.

## <u>AFFIRMATIVE DEFENSES</u>

1.     Plaintiff's claim fails to state a cause of action upon which relief can be granted.

2.     Plaintiff's claim is barred in whole or in part by the doctrine of unclean hands.

3.     Plaintiff's claim is barred in whole or in part by the doctrine of estoppel.

4.     Plaintiff's claim is barred in whole or in part by the doctrine of laches.

5.     Plaintiff's claim is barred in whole or in part by the doctrine of accord and satisfaction.

6.     Plaintiff's claim is barred in whole or in part by the doctrine of waiver.

7.     Plaintiff's claim is barred in whole or in part by its breach of the Contractors Agreement effective February 1, 2012.

8.     Plaintiff's claim is barred in whole or in part by setoff and/or recoupment.

Dated:  November 9, 2013.

**CONRAD & SCHERER, LLP**
*Special Counsel for TLO, LLC*
633 South Federal Highway, 8th Floor
Fort Lauderdale, FL 33301
Telephone:     (954) 847-3346
Facsimile:      (954) 463-9244

By:  /s/ Mark S. Roher
        JAMES F. CARROLL
        Florida Bar No. 984681
        jcarroll@conradscherer.com
        MARK S. ROHER
        Florida Bar No. 178098
        mroher@conradsherer.com

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on November 9, 2013 on all parties registered to receive CM/ECF electronic notifications from the Bankruptcy Court in this case and by scanned email upon **Phillip J. Landau, Esq.** [plandau@sfl-pa.com], **Bernice C. Lee, Esq.** [blee@sfl-pa.com]; **Matthew Foreman, Esq.** [matthew@hoganlawfirm.com]; **Robert C. Furr, Esq.** [rfurr@furrcohen.com] and **Alvin S. Goldstein, Esq.** [agoldstein@furrcohen.com].

                                /s/ Mark S. Roher
                                Mark S. Roher